1  MICHAEL A. LAURENSON (190023)
   ADAM B. SUGARMAN (238470)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  THE REGENTS OF THE
   UNIVERSITY OF CALIFORNIA
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10 BRANDI BROOKS,                        ) CASE NO. C07-2662 (BZ)
                                         )
11                    Plaintiff,         ) **DEFENDANT THE REGENTS'**
                                         ) **MOTION TO DISMISS FIRST**
12       vs.                             ) **AMENDED COMPLAINT, FRCP**
                                         ) **12(b)(1)(6)**
13 BOARD OF REGENTS OF THE UNIVERSITY OF )
   CALIFORNIA,                           ) Date:      September 19, 2007
14                                       ) Courtroom: G, 15th Floor
                      Defendant.         ) Time:      10:00 a.m.
15                                       ) Judge:     Hon. Bernard Zimmerman
                                         )
16

17 TO PLAINTIFF AND HER ATTORNEY OF RECORD:

18       PLEASE TAKE NOTICE that on September 19, 2007, at 10:00 a.m., or as soon

19 thereafter as the matter may be heard, in Courtroom G of the above-entitled court, Defendant

20 THE REGENTS OF THE UNIVERSITY OF CALIFORNIA will and hereby does move the

21 Court to dismiss plaintiff's claims for failure to state a claim upon which relief may be granted.

22       Plaintiff's causes of action for violation of 42 U.S.C. 1981 and the California Fair

23 Employment and Housing Act ("FEHA") are barred on the ground of sovereign immunity under

24 the Eleventh Amendment.

25       This Motion is based on this Notice of Motion, the accompanying Memorandum of

26 Points and Authorities, and the pleadings and papers filed herein.

27

28
                                           - 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff BRANDI BROOKS is a former Licensing Assistant in the Office of Technology Transfer of Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents"). She claims that she was discriminated against during her employment based on her race and sex, and retaliated against for protesting alleged violations of California Fair Employment and Housing Act. The Regents enjoy sovereign immunity from these claims under the Eleventh Amendment, and therefore they must be dismissed.

## II. FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

Plaintiff was employed as a Licensing Assistant in the Office of Technology Transfer beginning in December 2000. First Amended Complaint, ¶ 3. She alleges that she was "subjected to egregious, unlawful, discriminatory employment practices culminating in the termination of her employment on or about October 3, 2005, without cause or provocation." *Id.* at ¶ 5.

## III. PROCEDURAL POSTURE

Plaintiff filed her original Complaint in this Court on May 18, 2007, alleging two causes of action: (1) discrimination under 42 U.S.C. § 1981 of the Civil Rights Act of 1866; and (2) discrimination based on race and sex, and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). Plaintiff subsequently filed a First Amended Complaint on July 12, 2007. The First Amended Complaint added no new facts, allegations or causes of action, but simply separated plaintiff second cause of action into three distinct claims.

## IV. ARGUMENT

Under the Eleventh Amendment to the United States Constitution, an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "[T]he University of California and the Board of Regents are considered to be instrumentalities of the state for purposes of the

1  Eleventh Amendment." *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir.1982); *accord*
2  *Regents of the University of California v. John Doe*, 519 U.S. 425 (1997).
3      Although Congress may abrogate the states' immunity from suit under federal statutes,
4  (*see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)), this Court has held that there
5  has been no abrogation of Eleventh Amendment immunity with respect to Section 1981.
6  *Carmen v. San Francisco Unified School Dist.*, 982 F.Supp. 1396, 1402 (N.D.Cal. 1997). In
7  addition, "California has not waived its immunity to FEHA actions in federal court." *Freeman v.*
8  *Oakland Unified School Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

### V. CONCLUSION

Accordingly, The Regents is immune from all of the causes of action asserted herein and defendant's motion should be granted and plaintiff's lawsuit dismissed in its entirety.

Dated: August 30, 2007

GORDON & REES, LLP

By: /s/ Michael A. Laurenson
MICHAEL A. LAURENSON
Attorneys for Defendant
THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On July 31, 2007, I served the within documents:

DEFENDANT THE REGENTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, FRCP 12(b)(1)(6)

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

> Curtis G. Oler
> Law Offices of Curtis G. Oler
> P.O. Box 15083
> San Francisco, CA 94115

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 31, 2007, at San Francisco, California.

_/s/ Bob Lieberman_
Bob Lieberman